QUESTION:
May a candidate use the services of a professional polling organization as his agent in conducting a poll under s. 106.17, F. S., and pay the organization for its services in this respect, so long as the candidate maintains complete jurisdiction over all aspects of the poll?
SUMMARY:
Under s. 106.17, F.S., a candidate may contract with a professional polling organization for the use of its staff and personnel to act as his agents in conducting a poll or survey under his direction, supervision, and control and pay for such services from campaign funds in conducting such poll or survey, so long as the candidate himself maintains complete jurisdiction and control over all aspects of the poll or survey.
Section 106.17(1), F.S. [s. 17(1) of Ch. 73-128, Laws of Florida], prohibits a candidate, or any committee or person acting in his behalf, from making or authorizing an expenditure of money or becoming pecuniarily liable "for any political poll, survey, index, or measurement of any kind, or the publication, production, or distribution thereof, relating to candidacy for public office." However, s. 106.17(3) [s. 17(3) of Ch. 73-128] provides that:
"This section shall not apply to any poll conducted by the candidate himself or by a political committee when the candidate or political committee maintains complete jurisdiction over the said poll in all its aspects, including control of the manner, method, time, and advertisement thereof."
In AGO 073-266, in ruling on the question of whether a political party committee could use party funds to pay for a poll or survey made in furtherance of the candidacy of a particular candidate for office, it was said that the purpose and intent of this provision "was to prohibit the use of any of a candidate's campaign funds whatsoever, including contributions from a political party committee, to pay for a political poll or survey in furtherance of his candidacy." However, immediately following this statement, it was pointed out that, under subsection (3), supra,
". . . the candidate himself, or a "political committee" as defined in the Act, may conduct a poll "where the candidate or political committee maintains control of the manner, method, time, advertisement and complete jurisdiction over the said poll in all its aspects." However, these are the only exceptions to the prohibition made by Section 17(1), supra. . . ."
Thus, when read in context, the statement that a candidate may not use any campaign funds for the purpose of paying for a political poll or survey in furtherance of his candidacy was obviously intended to mean that he could not pay for a poll undertaken by a professional polling organization as an independent poll or survey, to be published and distributed as such; and the clear import of the statement which follows, setting out the subsection (3), supra, exceptions to the prohibition of subsection (1), supra, is that campaign funds may be spent for a poll or survey conducted by the candidate himself when he maintains complete jurisdiction over and control of all aspects of the poll or survey. This conclusion is in accord with the language of subsection (3) stating in plain and unambiguous terms that "[t]his section shall not apply" (Emphasis supplied.) to a poll conducted by the candidate himself (or a political committee).
I find nothing in the statute which could be interpreted as prohibiting a candidate from utilizing the personnel of a professional polling organization, under a contract covering the services of the entire staff, as an alternative to going to the time-consuming trouble and expense of recruiting individuals to work as poll takers and carry out the other duties necessary in taking, tabulating, and advertising the results of a poll. As noted above, the candidate could use his campaign funds to pay each of these persons, individually, for assisting him in taking a poll or survey; and there is nothing in the letter of the law that would prohibit him from contracting with a polling organization for the use of its staff and personnel to act as his agents in conducting the poll. To accord with the spirit and intent of the law, the advertisement or publication of the poll or survey should omit any reference whatsoever to the polling organization which does the "leg-work" on the poll or survey under the direction, supervision, and control of the candidate; and to comply with the law as an exception to the prohibition against professional polls or surveys, the candidate himself should maintain complete jurisdiction and control over the poll in all its aspects, "including control of the manner, method, time, and advertisement thereof." Section 106.17(3), supra.